JOHN SEARS vs. A. BERNARDO & SONS.

JANUARY 6, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) Automobiles. Negligence. Violation of Ordinance. One-way Street.

The fact that defendant's automobile proceeded along a one-way street in the direction prohibited by ordinance is a fact for the jury to consider in connection with all other facts bearing upon the question of defendant's negligence, and it was error to charge as a matter of law that the violation of the ordinance constituted negligence.

(2) Trial. Requests to Charge.

The rules of the superior court do not require that requests to charge be submitted before arguments to the jury, and the court should have received and ruled upon requests presented after the conclusion of the arguments.

*(3)  Automobiles.   Negligence.*

In a personal injury action request to charge that if plaintiff while approaching the intersection of streets where the accident occurred, was driving his machine at an unreasonable rate of speed, which speed contributed to the accident, he could not recover even though the defendant was guilty of negligence, was proper.

*(4)  Automobiles.   Negligence.*

In a personal injury action request to charge that driving a car the wrong way on a one-way street does not make the driver liable for all accidents that may occur, was proper.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendants and sustained.

RATHBUN, J.   This is an action of trespass on the case for negligence brought to recover for personal injuries suffered by the plaintiff and for damages to his automobile caused by a collision between an automobile owned and operated by the plaintiff and a truck owned by the defendants as copartners and operated by one of the partners. The trial in the Superior Court resulted in a verdict for the plaintiff for four hundred dollars.   The case is before this court on defendants' exceptions: to the admission of testimony; to portions of the charge to the jury; to the refusal to charge as requested and to the refusal of the trial court to grant a new trial.

The collision occurred at the intersection of College and South Main streets in the city of Providence, when the plaintiff's automobile was proceeding in an easterly direction and the defendants' truck in a northerly direction.   The portion of South Main street from which the truck emerged immediately before the accident was a one-way street and the truck was driven out of South Main street in the direction forbidden by the city ordinance.

The fifteenth exception is to the following instruction to the jury:   "It is charged that the defendant was guilty of negligence in that he used a one-way street in violation of law.   Of course if he violated the ordinance of the City of Providence and used a one-way street to that extent, he

was guilty of negligence." Whether the defendant was guilty of negligence was a question of fact to be determined by the jury. The fact that the defendants' truck proceeded along a one-way street in the direction prohibited by the ordinance is a fact for the jury to consider in connection with all other facts bearing upon the question of whether the defendants were guilty of negligence, but it was error to charge as a matter of law that the violation of the city ordinance constituted negligence. *Oates* v. *Union R. R. Co.*, 27 R. I. 499. The fifteenth exception is sustained.

The defendants took twenty exceptions to the refusal of the court to instruct the jury as requested. It appears that the court adjourned to the following morning immediately after arguments to the jury were concluded and that on the following morning before the court convened the defendants' attorney tendered to the trial justice twenty written requests for instructions to the jury. Said justice, being of the opinion that the rules of the Superior Court require that requests for instructions be presented before arguments are addressed to the jury, refused to accept or examine said requests for instructions. The rules of the Superior Court require that requests for instructions be submitted in writing but said rules do not require that such requests be submitted before arguments are addressed to the jury. It may be appropriate to state that a proper effort to prevent delay in the administration of justice, as well as due courtesy to the court, requires that requests for instructions be presented as soon as the reasonable convenience of counsel permits. We think it was the duty of said justice to receive and rule upon the defendants' requests for instructions.

The twenty-third exception is to the refusal to instruct the jury in accordance with the seventh request, as follows: "If the plaintiff, while approaching the intersection of the streets where the accident occurred was driving his machine at an unreasonable rate of speed, which speed contributed to the accident, he can not recover even though the defendant was guilty of negligence." The correctness of this

proposition can not be denied and the rule is too elementary to require discussion.

The twenty-fourth exception is to the refusal to instruct the jury in accordance with defendants' eighth request, as follows: "Driving a car the wrong way on a one-way street does not make the driver liable for all accidents that may occur." The discussion of the fifteenth exception is applicable to this request. It was error to deny the defendants' eighth request.

The twenty-third and twenty-fourth exceptions are sustained.

It appears that at least two of defendants' requests for instructions should have been granted and as said justice did not rule specifically upon each of the defendants' twenty requests for instructions and as we can not infer that he would not have ruled correctly in each instance had he examined said requests we do not consider the exceptions taken to the refusal to charge as requested in the remaining eighteen requests for instructions.

The case is remitted to the Superior Court for a new trial.

*Christopher J. Brennan*, for plaintiff.

*Ernest P. B. Atwood*, for defendant.